■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JON GIN-GOLD, Appellant.—Judgment, Supreme Court, New York County, rendered October 13, 1970, convicting defendant, upon his plea of guilty, of possession of a weapon as a misdemeanor and sentencing him to a one-year term of imprisonment, unanimously modified, as a matter of discretion in the interest of justice, by reducing said sentence to a three-year period of probation; and remanding the matter to Suprem Court, New York County, for a specification of the conditions of such sentence and for proceedings to direct defendant to surrender himself to said court in order that execution of the judgment be commenced or resumed. Except as so modified, the judgment is affirmed. Following his conviction in 1970, defendant served two days in the penitentiary before his release on $50 cash bail upon a certificate of reasonable doubt. He filed a timely notice of appeal, failed to prosecute the same and, for reasons not revealed by the instant record, was never requested to surrender until five years later. He was then again admitted to bail, on consent of the District Attorney, pending determination of this appeal which was set down for a term certain. Defendant is currently serving a five-year sentence of probation on an unrelated crime committed in Westchester County in April, 1975. The probation report submitted in connection with said sentence discloses that defendant has "deep-seated emotional problems", but "is currently taking positive steps to make a satisfactory adjustment to the community." In view of the serious efforts being made by the Westchester County Court to assist in the ultimate rehabilitation of defendant, and in view of the considerable delay herein, we believe the interests of justice would best be served by modifying the sentence as above indicated. Concur—Kupferman, J. P., Murphy, Lupiano, Silverman and Yesawich, JJ.

■  BELLE D. KELDER et al., Appellants, v ALEXANDER'S DEPARTMENT STORES, INC. Respondent.—Judgment, Supreme Court, Bronx County, entered May 10, 1973, dismissing complaint at close of plaintiffs' case, is unanimously affirmed, without costs and without disbursements. Apart from other deficiencies in plaintiffs' proof, there was no evidence that defendant had notice, either active or constructive, of the claimed dangerous condition. Concur—Markewich, J. P., Kupferman, Lupiano, Silverman and Lynch, JJ.